**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4163**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TERRY LAMONT SPELLER,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Fox, Senior District Judge. (4:15-cr-00046-F-1)

———————

Submitted: March 7, 2017        Decided: May 12, 2017

———————

Before WYNN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Lamont Speller seeks to appeal his conviction and sentence. Speller waived his right to an indictment and pled guilty pursuant to a plea agreement to a criminal information charging him with health care fraud in violation of 18 U.S.C. § 1347 (2012) and engaging in monetary transactions involving criminally derived property in violation of 18 U.S.C. § 1957 (2012). Speller's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but raising sentencing issues. Speller has filed a pro se supplemental brief arguing that the district court lacked subject matter jurisdiction because he did not waive his right to an indictment, and the court erred in finding facts in sentencing him. The Government has moved to dismiss the appeal as barred by Speller's waiver of the right to appeal included in the plea agreement. We dismiss the appeal.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (internal quotation marks and citation omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted). "We review the validity of an appeal waiver de novo,

and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." Id. (internal quotation marks and citations omitted).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Speller knowingly and voluntarily waived his right to appeal his conviction and sentence, and the issues he seeks to appeal are within the scope of the waiver.* Moreover, in accordance with Anders, we have reviewed the record for any potentially meritorious issues that might fall outside the scope of the waiver and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

---

* To the extent that any of Speller's pro se issues fall outside the scope of the waiver, they are plainly without merit.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>